```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division

SCOTT R. SHARER, et. al.      )
                              )
        Plaintiffs,           )
                              )
        v.                    )     1:06cv626(JCC)
                              )
TANDBERG, INC.,               )
                              )
                              )
        Defendant.            )
```

## **MEMORANDUM OPINION**

This matter comes before the Court on Plaintiffs' motion to allow notice to similarly situated employees of Defendant Tandberg, Inc.  For the following reasons, the Court will grant Plaintiffs' motion, and upon amendment of Plaintiffs' proposed interrogatory, require an answer from Defendant.

### **I.  Background**

Plaintiffs Scott R. Sharer ("Sharer"), Brandon Law ("Law"), and potential opt-ins either have been or currently are salaried employees of Defendant Tandberg, Inc. ("Tandberg").  Plaintiffs have brought this action alleging that each of them have been aggrieved by Defendant's policy for partial-day pay docking.  The facts, as alleged by Plaintiffs are as follows: Salaried employees of Tandberg are required to submit time sheets noting the hours worked in a given day, and are required to work a minimum of eight hours per week day.  However, salaried employees of Tandberg are instructed not to report hours worked

on holidays, weekends, or on weekdays in excess eight hours, even if work is conducted.  If a salaried employee works less than eight hours in a day, that employee is required to report the actual number of hours worked and count the hours missed as vacation or sick time.  If no vacation or sick time is available, then the employee's pay is docked.  Employees are not allowed to make up time by working extra hours or weekends, and pay is still docked even if the given employee worked more than forty total hours in the week.

Plaintiffs Sharer and Law were both salaried employees of Tandberg who worked, on average, over forty hours per week.  Plaintiffs both resigned their positions following experiences with Tandberg's alleged partial-day docking practice.  Law and Sharer filed this suit against Tandberg on May 30, 2006 on behalf of themselves and others similarly situated, under Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").  Sharer and Law claim unpaid overtime wages, improper classification as exempt salaried employees, and lost wages due to Tandberg's partial-day docking system.  Plaintiffs have moved this Court to authorize the notification of potential collective action members ("opt-ins") who have been adversely affected by the actions of Tandberg.  This motion is currently before the Court.

## II. Standard of Review

Under the FLSA, plaintiffs may institute a collective action against their employer on their own behalf and on behalf of other employees. *See* 29 U.S.C. § 216(b). Specifically,

> An action...may be maintained against any employer...in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Furthermore, the Supreme Court held that in order to expedite the manner in which collective FLSA actions are assembled, "district courts have discretion in appropriate cases to implement...§ 216(b)...by facilitating notice to potential plainitffs." *Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989).

But this discretion is not unfettered. Indeed, courts should not exercise their discretion to facilitate notice unless "[t]he facts and the circumstances of this case illustrate" that a class of "similarly situated" aggrieved employees exists. *Hoffman-LaRoche,* 493 U.S. at 170. Accordingly, "[t]he relevant inquiry then is not whether the court has discretion to facilitate notice, but whether this is an appropriate case in which to exercise that discretion." *Camper v. Home Quality Mgmt., Inc.,* 200 F.R.D. 516, 519 (D. Md. 2000)(citing *Hoffman v. Sbarro,*

3

982 F. Supp. 249, 261 (S.D.N.Y. 1997). Ultimately, "[t]he plaintiff has the burden of demonstrating that notice is 'appropriate.'" *D'Anna v. M/A-COM, Inc.,* 903 F. Supp. 889, 894 (D. Md. 1995)(citations omitted).

### III.  Analysis

A.  Plaitiffs Have Met Burden in Showing that a Similarly Situated Class Exists

Plaintiffs argue that the Court should exercise its discretion to allow notice because Plaintiffs and potential opt-ins are similarly situated. While the Court has discretion to facilitate notice to potential opt-ins, the burden of demonstrating that notice is appropriate and that those to be noticed are similarly situated belongs to the Plaintiffs. *D'Anna,* 903 F.Supp. at 894. Mere allegations in the Complaint are insufficient--to satisfy this burden, Plaintiffs must make a "preliminary showing that a similarly situated group of potential plaintiffs exists." *Id.* at 893-94. To do so, Plaintiffs must submit evidence establishing "at least a colorable basis for their claim that a class of 'similarly situated' plaintiffs exist." *Camper,* 200 F.R.D at 519-20.

In this case, Plaintiffs have offered evidence that the partial-day docking payroll system exists, and that it applied to and affected all "exempt" employees. (Pltf.'s Mot. Ex. 1, 2). Plaintiffs have offered emails from Tandberg's Americas Director of Finance, Bob Ricci, which supports this position, as well as

30(b)(6) deposition testimony indicating that only forty of Tandberg's 270 employees fall into the non-exempt category. (Pltf.'s Mot. Ex. 1, 2). While Defendants have offered some evidence to the contrary, such as an employee handbook that explicitly prohibits deductions from exempt employees' pay for partial absences (*see* Deft.'s Mot. Ex. G), this evidence does not dispel Plaintiffs' evidence. Plaintiffs have shown a number of facts that indicate a class of "exempt" employees were similarly situated to the moving parties, and this is more than enough to satisfy the burden under the *D'Anna* framework. Plaintiffs have at least established a "colorable basis" that a class of similarly situated employees exists.

### B. Notice is Appropriate

Plaintiffs also argue that notice to similarly situated employees is appropriate. The Court has discretion to give notice to prospective opt-ins prior to the completion of discovery. *See Hoffman,* 493 U.S. at 172; *Braunstein v. Eastern Photographic Laboratories, Inc.,* 600 F.2d 335, 336 (2d Cir. 1979); *Dybach v. State of Fla. Dept. Of Corrections,* 942 F.2d 1562, 1567 (11th Cir. 1991). Defendant argues that Plaintiffs should not be allowed notice and class certification because they have not identified any other Tandberg employees who desire to opt in, relying upon several district court cases from the Eleventh Circuit where class certification was denied. *See, e.g.,*

*Saxton v. Title Max of Alabama, Inc.,* 431 F.Supp.2d 1185, 1188 (N.D. Ala. 2006)(refusing conditional certification where defendant submitted affidavits indicating no interest in joining suit); *Tyler v. Payless Shoe Source, Inc.,* 2005 WL 3133763 (M.D. Ala. Nov. 23, 2005). Specifically, Defendant argues that 1) Plaintiff has not identified other employees who wish to challenge the payroll system; and 2) Plaintiffs have made efforts to notify other Tandberg employees of the suit, and those employees have declined to join. Defendant points to two specific employees-Gerry Nichols and Kristi Ballenger who declined joining the lawsuit.

Plaintiff argues that notice is appropriate and necessary for several reasons. First, two employees declining to join the lawsuit in a company of 240 employees is not indicative that a class of similarly situated potential opt-ins does not exist. Second, notice given by the Court will not only inform Tandberg employees who may wish to join the suit, but will also inform them that they will not face retaliation for doing so. Furthermore, the Alabama district court decisions cited offer little support for Defendant's position. In *Saxton*, the Court denied the motion upon a finding of *no reasonable basis* that opt-in interest exists, following extensive discovery and the submission of forty-six employee affidavits by the defendant all indicating no interest in opting-in. 431 F.Supp.2d at 1187-88.

In *Tyler,* the other case cited by Defendant, the Court held that the plaintiff's showing of five employees interested in opting into the suit was sufficient to meet the plaintiff's burden. 2005 WL 3133763 at *3. Neither case supports Defendant's position–in fact both bolster Plaintiff's position for certification.

Finally, Defendant argues that Plaintiffs' motion is untimely, as it was filed six months after discovery commenced. However, Plaintiffs have made efforts to determine the class members through discovery and provide notice, and those efforts have been slowed or rendered inconclusive in large part due to the limited amount of information supplied by Defendant through depositions and interrogatory answers.[1]

### C. Plaintiffs' Proposed Interrogatory and Notice

Plaintiffs have requested a Court-ordered interrogatory to Defendant in order to seek the identity of similarly situated employees, and notice to be given to Tandberg employees. Defendant raises objection to the extent that the proposed interrogatory calls for personal information such as phone number, date of birth, and social security number. Plaintiffs have provided a basis of need for name, address, and phone

---

[1] Both of Defendant's 30(b)(6) designees were unable to answer Plaintiffs' questions about Plaintiff's FLSA classifications, and admitted that other Tandberg employees were better qualified to answer the given questions.

number, but not the other requested information.[2]  Therefore, the Court will approve and order an interrogatory containing only name, address, and phone number of Tandberg's exempt employees since May 2003, and permit Plaintiffs to contact potential opt-ins by first class mail.  Defendant will not be required to grant Plaintiffs access to their facilities to post notice of suit, as proper notice can be given by first-class mail.  Finally, Defendant's request that a third-party handle the mailing will be denied.

### IV.  Conclusion

For the foregoing reasons, Plaintiff's motion to allow notice of similarly situated employees of Defendant Tandberg, Inc. will be granted.  This Court will order an interrogatory which includes the name, address, and phone number of each Tandberg employee classified as "exempt" from May 2003 to the present.  Defendant will be required to answer, after which Plaintiff may send notice of suit by first-class mail.  An appropriate Order will issue.

October 17, 2006                    _____/s/_____
Alexandria, Virginia                       James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE

---

[2] Plaintiffs conceded that social security numbers were unnecessary in this case.