IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

SCOTT R. SHARER, *et. al.*   )
                             )
         Plaintiffs,         )
                             )
         v.                  )    1:06cv626(JCC)
                             )
TANDBERG, INC.,              )
                             )
                             )
         Defendant.          )

### **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant's motion for protective order.  For the foregoing reasons, Defendant's protective order will be granted with respect to phone contacts with potential opt-ins and Tandberg executives; the Court will permit Plaintiffs to contact by telephone only those potential opt-ins whose mailed notices were returned as undeliverable; Defendant's request for a Court-ordered corrective notice will be denied; and costs and fees incurred in litigating this motion will be awarded to Defendant.

### I.  Background

Plaintiffs Scott R. Sharer ("Sharer"), Brandon Law ("Law"), and potential opt-ins either have been or currently are salaried employees of Defendant Tandberg, Inc. ("Tandberg").  Plaintiffs have brought this action alleging that each of them have been aggrieved by Defendant's policy for partial-day pay docking.  The facts, as alleged by Plaintiffs are as follows:

Salaried employees of Tandberg are required to submit time sheets noting the hours worked in a given day, and are required to work a minimum of eight hours per week day.  However, salaried employees of Tandberg are instructed not to report hours worked on holidays, weekends, or on weekdays in excess eight hours, even if work is conducted.  If a salaried employee works less than eight hours in a day, that employee is required to report the actual number of hours worked and count the hours missed as vacation or sick time.  If no vacation or sick time is available, then the employee's pay is docked.  Employees are not allowed to make up time by working extra hours or weekends, and pay is still docked even if the given employee worked more than forty total hours in the week.

Plaintiffs Sharer and Law were both salaried employees of Tandberg who worked, on average, over forty hours per week. Plaintiffs both resigned their positions following experiences with Tandberg's alleged partial-day docking practice.  Law and Sharer filed this suit against Tandberg on May 30, 2006 on behalf of themselves and others similarly situated, under Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").  Sharer and Law claim unpaid overtime wages, improper classification as exempt salaried employees, and lost wages due to Tandberg's partial-day docking system.

On October 17, 2006 this Court granted Plaintiffs' motion to authorize the notification of potential collective action members ("opt-ins"), but limited the means of providing notice to potential opt-ins to first-class mail only. The Court's Order also required Tandberg to respond to Plaintiffs' proposed interrogatory, providing name, address, and phone numbers of each Tandberg employee classified as "exempt" from May 2003 to the present. Tandberg complied with the Court's order and provided the requested information for a list of 407 past and current employees to Plaintiffs on October 24, 2006. Plaintiffs and Defendant agreed on a 30-day opt-in period.

On or about October 27, 2006 Plaintiff's counsel sent the Court-approved notice by mail to the list of potential opt-ins, packaged in an envelope titled "IMPORTANT COURT-ORDERED DOCUMENT REGARDING YOUR OVERTIME WAGES." (Def.'s Mot. Ex. D). Shortly after sending notice by mail, fourteen notices were returned to counsel as undeliverable. On November 7, 2006, Plaintiffs' counsel requested a thirty-day extension of the opt-in period for the fourteen employees whose notices were returned. Tandberg declined to consent to the request. Plaintiffs' counsel then enlisted private investigator Victor Downing ("Downing") to determine which potential opt-ins had received notice. Downing contacted the potential opt-ins by phone in order to verify their addresses and confirm reception of notice. Downing was

instructed by counsel to direct all questions about the litigation to Plaintiffs' and Defendant's counsel.  Among those contacted were several Tandberg executives, including its CEO, President, Director of Finance, and Director of Human Resources.

On November 9, 2006, after learning of Downing's phone correspondence with potential opt-ins, Tandberg contacted Plaintiffs' counsel and expressed concern that the phone calls were violating the Court's Order and demanded that the calls cease.  Plaintiffs' counsel confirmed that phone calls were being made, but stated belief that the calls were within the purview of the Court's Order.  Defendant filed a motion for protective order prohibiting Plaintiffs' counsel and all agents and affiliates from contacting Tandberg employees by phone.  In that same motion, Defendant requested that the court authorize the sending of a corrective notice to its employees relating to the improper means used by Plaintiffs' counsel to notify potential opt-ins of the suit, and requested an award of costs and attorney fees in litigating the request for protective order.  This motion is currently before the Court.

## II.  Analysis

### A.  Protective Order to Prohibit Phone Contact

Defendant first moves the Court for a protective order prohibiting Plaintiffs' counsel and all agents or employees thereof from contacting Tandberg's current employees by phone.

As a basis, Defendant contends that such contact is violative of the this Court's October 17, 2006 Order, which limited the means of providing notice to first-class mail only.  Plaintiffs contend that notices were sent by first-class mail, as instructed, and phone contacts were made only after several notices were returned as incorrectly addressed.

The various cases cited by Plaintiffs and Defendants regarding this Court's ability and discretion to permit phone contact are not relevant to this matter.  (*See* Def.'s Mot. at 4-5; Pltf.'s Opp. at 3-4).  The Court's October 17, 2006 Order was clear and precise.  The Order required Defendant to provide a list of names, addresses, and telephone numbers for each Tandberg employee classified as "exempt" to Plaintiffs' counsel, and allowed Plaintiffs to send notice by first-class mail only.  Defendant provided the requested information for 407 past and current Tandberg employees.  Although only fourteen of the 407 notices sent were initially returned,[1] Plaintiffs began to contact each person on the list of 407.  As justification, Plaintiffs argue that because some potential opt-ins were not reachable by first-class mail, that they are justified in contacting all of the potential opt-ins by phone to assure reception of notice.  The Court disagrees.

---

[1] Fourteen notices were returned prior to the initiation of phone contact.  During oral argument, Plaintiffs specified that a total of approximately twenty notices have been returned to date.

5

Proof that a letter was properly mailed raises the presumption that it was received by the addressee. *General Elec. Co. v. Brown Transport Corp.,* 597 F. Supp. 1258, 1261 (E.D. Va. 1984); *Hagner v. United States,* 285 U.S. 427, 430 (1932). In this case, only twenty notices out of 407 have been returned, leaving 387 notices that are presumed to have been received by the addressees. Despite this small number, Plaintiffs nonetheless began to contact each person on the list of 407 by phone without permission from the Court. This is clearly violative of the Court's Order, which made clear that Plaintiffs were to provide notice only by first-class mail. Phone numbers were included in the information requested by Tandberg, but only as a means to communicate with those who choose to opt-in. The Court's Order in no way justified contacting potential opt-ins by phone. Therefore, Defendant's motion for a protective order should be granted. However, the Court will permit Plaintiffs to contact the potential opt-ins whose mail notices were returned as undeliverable by phone.

B.  Improper Contacts with Tandberg Executives

When a party represented by counsel is a corporation, *ex parte* communications are prohibited with persons having managerial responsibility or any other persons whose statements can constitute an admission of the entity. *Queensberry v. Norfolk & Western Railway Co.,* 157 F.R.D. 21 (E.D. Va. 1993). In

6

this case, an agent of Plaintiffs' counsel has contacted a number of Tandberg executives, namely the CEO, president, and human resources director. These contacts are improper and should not be allowed, as all communications should go through Defendant Tandberg's counsel. Therefore, Defendant's motion for protective order will be granted with respect to contact of Tandberg executives by phone.

### C.  Proposed Corrective Notice

Defendant next proposes that a corrective notice be sent to each Tandberg employee stating that Tandberg denies the allegations, the Court has not taken any position on the merits, and that Plaintiffs violated the Court's Order regarding methods of contact if they were contacted by phone. The proposed corrective notice would read:

> In May 2006, two former salaried employees filed a complaint...alleging that they are entitled to overtime compensation under the Fair Labor Standards Act ("FLSA"). The Plaintiffs seek to represent all past and present exempt employee who worked for Tandberg between May 2003 and May 2006. Tandberge denies the Plaintiffs' allegations and contends that the allegations have no merit.
>
> In addition, contrary to any statement in the notice sent by Plaintiffs' counsel, the...Court has made no orders or taken any position on the merits of the suit at this time.
>
> ...you may have recently received notice by mail of this action and your ability to pursue an FLSA claim against Tandberg. The...Court

> ordered notice be sent to you by first class mail only.  Please also be advised that the...Court ordered Tandberg to produce the name, address, and phone number of all exempt employees who worked for Tandberg between May 2003 and May 2006.  While you may have received notice by mail, the Court has not permitted Plaintiffs' counsel to contact you by phone.  Accordingly, if you have been contacted by phone by Plaintiffs' counsel or their investigators relating to this notice, you may contact Tandberg's Human Resources Department to let them know.

(Def.'s Mot. at 6).  This is unnecessary and the language included would likely prejudice the Plaintiffs.  Nor has Defendant shown that Plaintiffs' envelope, titled "IMPORTANT COURT ORDERED DOCUMENT REGARDING YOU OVERTIME WAGES" was improper.  Plaintiffs' explanation that the message was intended to separate the class action notice from junk mail is sufficient.  Furthermore, Defendants have offered no evidence that they were prejudiced in any way by the mailing, and have demonstrated no improper comments made by Planitiffs' agent to potential opt-ins, other than to Tandberg executives.  Accordingly, Defendant's request for a corrective notice will be denied.

### D.  Costs and Fees

Finally, Defendant requests that costs and fees incurred by litigating this motion be awarded to Tandberg. Plaintiff directly violated this Court's Order, compelling

Defendant to bring a motion for protective order.  Accordingly, costs and fees will be awarded to Defendant.[2]

### III.  Conclusion

For the foregoing reasons, Defendant's protective order should be granted with respect to phone contacts with potential opt-ins and Tandberg executives.  The Court will permit Plaintiffs to contact by telephone only those potential opt-ins whose mailed notices were returned as undeliverable.  Defendant's request for a Court-ordered corrective notice will be denied.  Costs and fees incurred in litigating this motion will be awarded to Defendant.  An appropriate Order will issue.


November 22, 2006                   _____/s/_____
Alexandria, Virginia                       James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE

---

[2]Counsel for Plaintiffs and Defendant have agreed to handle the payment of costs and fees on their own.  The Court's Order with thus not require the filing of any cost affidavits.