```
              IN THE UNITED STATES DISTRICT COURT FOR THE
                      EASTERN DISTRICT OF VIRGINIA

                            Alexandria Division

SCOTT R. SHARER, et. al.      )
                              )
         Plaintiffs,          )
                              )
         v.                   )     1:06cv626(JCC)
                              )
TANDBERG, INC.,               )
                              )
                              )
         Defendant.           )
```

### **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiffs' appeal of an order issued by United States Magistrate Judge Liam O'Grady denying Plaintiffs' motion for leave to amend.  For the following reasons, the Court will affirm Judge O'Grady's order and deny Plaintiffs' motion.

### I.  Background

Plaintiffs Scott R. Sharer ("Sharer"), Brandon Law ("Law"), and potential opt-ins either have been or currently are salaried employees of Defendant Tandberg, Inc. ("Tandberg"). Plaintiffs have brought this action alleging that each of them have been aggrieved by Defendant's policy for partial-day pay docking.  The facts, as alleged by Plaintiffs are as follows: In January 2006, Tandberg implemented a new payroll system to track employee time.  Under this system, salaried employees of Tandberg classified as "exempt" are required to submit time sheets noting the hours worked in a given day, and are required

to work a minimum of eight hours per weekday.  However, salaried employees of Tandberg are instructed not to report hours worked on holidays, weekends, or on weekdays in excess eight hours, even if work is conducted.  If a salaried employee works less than eight hours in a day, that employee is required to report the actual number of hours worked and count the hours missed as vacation or sick time.  If no vacation or sick time is available, then the employee's pay is docked.  Employees are not allowed to make up time by working extra hours or weekends, and pay is still docked even if the given employee worked more than forty total hours in the week.

Plaintiffs Sharer and Law were both salaried employees of Tandberg who worked, on average, over forty hours per week. Sharer was employed as training manager and team leader from May 2003 until resigning on February 24, 2006.  While employed at Tandberg, Sharer worked primarily out of his home in Georgia and was paid an annual salary of $100,000.  Sharer was classified as an "exempt" employee for compensation purposes, but during his tenure, he received his full salary amount for each period worked, and his pay was never docked.

Law was hired in February 2002 by Nuvision, a company later acquired by Tandberg, and worked for Tandberg until resigning on May 12, 2006.  Law was employed as a technical trainer and instructor and paid an annual salary of $56,651.  Law

was also classified as "exempt" but received his full salary for each pay period worked without any deductions made for partial days worked.

Law and Sharer filed this suit against Tandberg on May 30, 2006 on behalf of themselves and others similarly situated, under Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). Sharer and Law claim unpaid overtime wages, improper classification as exempt salaried employees, and lost wages due to Tandberg's partial-day docking system.  On October 17, 2006 this Court authorized the notification of potential collective action members who have been adversely affected by the actions of Tandberg.  Since that time, eight additional plaintiffs ("Opt-ins") have opted into the law suit, but six have voluntarily dismissed their claims.

On November 24, 2006 Defendant Tandberg moved this Court for summary judgment.  On December 20, 2006 this Court entered an order staying consideration of summary judgment until the end of discovery.  Plaintiff then filed a motion for leave to amend its Complaint on December 22, 2006, in order to add FLSA mis-classification to the original Complaint.  Motion for leave to amend was referred to Magistrate Judge Liam O'Grady, pursuant to Rule 72 of the Federal Rules of Civil Procedure.  On January 12, 2007 the Magistrate Judge denied Plaintiffs's motion for leave to amend on the grounds that adding a new mis-

classification theory to the Complaint, after the close of discovery, which had already been extended by over two months, was an undue delay.  Plaintiff has appealed Magistrate Judge O'Grady's Order to this Court.

## II. Standard of Review

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on nondispositive matters such as discovery orders. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A); see *Federal Election Comm'n v. The Christian Coalition,* 178 F.R.D. 456, 459-60 (E.D. Va. 1998) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.1990)).  As a non-dispositive matter, the review of a magistrate's discovery order is properly governed by the "clearly erroneous or contrary to law" standard of review.  *See Jesselson v. Outlet Assocs. of Williamsburg, Ltd. Partnership,* 784 F.Supp. 1223, 1228 (E.D. Va. 1991).

Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court judge modify or set aside any portion of the decision.  Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A).  A court's "finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948); *see*

*also Harman v. Levin,* 772 F.2d 1150, 1152 (4th Cir. 1985). Altering a magistrate's non-dispositive orders is "extremely difficult to justify. *See* 12 Wright & Miller, *Federal Practice and Procedure* § 3069 (2d ed. 1997). Although an abuse-of-discretion attitude should apply to many discovery and related matters, it need not curtail the power of the district judge to make needed modifications in the magistrate judge's directives. *Id.*

### III.  Analysis

#### A.  Magistrate Jurisdiction

A motion to amend is a non-dispositive motion, and accordingly subject to a Rule 72(a) standard of review. *Young v. James,* 168 F.R.D. 24, 25 (E.D. Va. 1996). Plaintiff argues that Magistrate Judge O'Grady did have authority to enter the order because the parties did not consent to magistrate jurisdiction. This argument lacks merit, as this Court regularly refers several non-dispositive issues, including motions for leave to amend, to magistrate judges without consent of the parties under the authority of Rule 72(a). Accordingly, this Court will not review Magistrate Judge O'Grady's order *de novo*; but instead will review for clear error or contrariness to law.

#### B.  Review for Clear Error or Contrariness to Law

Plaintiffs argue that Judge O'Grady's January 12, 2007 Order was clearly erroneous or contrary to law on several grounds. The Order explained:

> Upon review of the proposed Amended Complaint, it does not appear to the Court that there is any reason that Plaintiffs waited until this late date to separately plead the "exempt employees" theory. The proposed changes to the Complaint do not seem to have required input from the opt-in Plaintiffs who joined the action in November 2006; in fact the proposed Amended Complaint does not even mention the opt-in Plaintiffs by name. The Plaintiffs have offered no reason as to why this additional theory could not have been included when the original suit was filed if a competent investigation had been completed beforehand. At the very least Plaintiffs delayed filing this motion from November 17, 2006, according to Plaintiff's [sic] own correspondence with Defendant, to December 22, 2006 constituting inexcusable undue delay.

*See* January 12, 2007 Order.  Plaintiffs first argue that the Magistrate Judge's denial of leave for undue delay was clearly erroneous because he failed to consider the chronology explaining the filing date for the motion for leave to amend.  Plaintiffs allege that the Magistrate failed to consider the causes of delay from November 17, 2006 to December 22, 2006, and thus ignored several reasons for justification of delay.  In particular, Plaintiffs point to their efforts to meet and confer with opposing counsel in order to narrow the scope of disagreement,[1] which began on November 17, 2006 as well as delays caused by Defendant's motion for summary judgment, filed December 20, 2006.

---

[1] Eastern District of Virginia Local Rule 7(E) requires the parties to meet and confer prior to the filing of a motion "in person or by telephone with his or her opposing counsel in a good-faith effort to narrow the area of disagreement."

Upon thorough review of the facts and the January 12, 2007 Order, this Court finds that the Magistrate Judge properly considered the alleged reasons for delay, and there was no clear error or contrariness to law in his decision to deny Plaintiffs's motion.  The Magistrate Judge considered the substance of the motion for leave, found no substantive reason for delay, and correctly concluded that the new claim for mis-classification was not based upon additional information gained through discovery of the potential claims of opt-in Plaintiffs, and in fact, did not so much as discuss or name the opt-in Plaintiffs.  Accordingly, there was no legitimate reason for the delay in raising the mis-classification claim until December, when it easily could have been raised in the initial Complaint or at any time earlier in the discovery period.  Given that discovery had already been extended once by two months, the Magistrate correctly concluded that raising a new claim at the close of discovery on a ground that could have been raised in the initial complaint was not justified.

This finding undercuts Plaintiffs's additional excuses for delay, which the Magistrate Judge considered and properly denied.  Plaintiffs argue that the Magistrate Judge failed to consider efforts to meet and confer as well as the timing of Defendant's summary judgment motion, and erred in his determination of the need for further discovery.  Each of these

arguments is baseless.  First, while Plaintiffs made an effort to meet and confer regarding potential amendment of the Complaint on November 17, 2006, as noted *supra,* this date was still very late in the discovery period.  Furthermore, as the Magistrate Judge explained, even if November 17, 2006 were considered a timely date, an effort to meet and confer then does not justify delay of over a month in filing the motion.  Nor is the timing of Defendant's motion for summary judgment relevant to Plaintiffs' motion for leave.  Defendant's filing of a motion for summary judgment, consideration of which was stayed by this Court upon Plaintiffs' request, did not prevent Plaintiffs from timely filing for leave to amend.  Throughout not only the initial discovery period, but a two-month extension granted by this Court, Plaintiffs were free to add the mis-classification claim, but chose not to do so until the last hour of the discovery period.

Finally, Plaintiffs' argument that the Magistrate Judge committed error because Plaintiffs require no further discovery also lacks merit.  Defendant argues that it would still require discovery in order to defend against new claims, and Plaintiffs point to no reason why this would be unnecessary.  Accordingly, this Court does not find clear error or contrariness to law in the Magistrate Judge's decision, and will affirm the January 12, 2007 order.

### III.  Conclusion

For the foregoing reasons, Plaintiffs' motion will be denied and Magistrate Judge O'Grady's January 12, 2007 order will be affirmed.  An appropriate Order will issue.

_____

February 2, 2007            _____/s/_____
Alexandria, Virginia              James C. Cacheris
                          UNITED STATES DISTRICT COURT JUDGE